<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

LARRY LINDSEY, et al.,      :
                         :   Civil Action No. 05-1833 (JAP)
           Plaintiff,      :
                         :
          v.             :     **OPINION**
                         :
COUNTY OF MIDDLESEX, et al.,   :
                         :
          Defendants.     :

APPEARANCES:

     LARRY LINDSEY, Plaintiff <u>pro se</u>
     25 Judson Street
     Albany, New York 12206

         - AND -

     DAVID W. GRAHAM, #77030
     RAOUL DAVILA, #44137
     JERRARD MILLARD, #100433
     MOHAMED SESAY, #86725
     SHAUNDELL MARTIN, #103588
     Middlesex County Adult Correction Center
     P.O. Box 266
     New Brunswick, New Jersey 08903
     Plaintiffs <u>pro se</u>

**PISANO**, District Judge

Plaintiffs, Larry Lindsey and Jerrard Millard, currently confined at the Middlesex County Adult Correction Center ("MCACC") in New Brunswick, New Jersey, seek to bring this action in <u>forma pauperis</u> pursuant to 42 U.S.C. § 1983, alleging

violations of their constitutional rights.[1]  Based on their
affidavits of indigence and the absence of three qualifying
dismissals within 28 U.S.C. § 1915(g), the Court will grant
plaintiffs' applications to proceed in forma pauperis pursuant to
28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to
file the Complaint.

At this time, the Court must review the Complaint pursuant
to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it
should be dismissed as frivolous or malicious, for failure to
state a claim upon which relief may be granted, or because it
seeks monetary relief from a defendant who is immune from such
relief.  For the reasons set forth below, the Court concludes
that the Complaint should be dismissed without prejudice.

### I.   BACKGROUND

In their Complaint, plaintiffs allege that they are
unlawfully confined based on arrests made without probable cause.
Apparently, the plaintiffs were arrested on warrants signed by
the arresting police officers upon telephonic authorization by
judicial officers.  This practice was directed to be discontinued
immediately by Notice Letter of the Honorable Robert A. Longhi,

---

[1]  Four other plaintiffs, David W. Graham, Raoul Davila,
Mohamed Sesay, and Shaundell Martin signed the Complaint
apparently drafted by Lindsey, but they failed to either prepay
the filing fee or submit an application to proceed in forma
pauperis, as directed by this Court's Order issued on April 15,
2005.  Therefore, these plaintiffs shall be deemed withdrawn from
the Complaint.

A.J.S.C., Superior Court of New Jersey, Law Division, Middlesex County, dated July 2, 2001.  It appears that the plaintiffs are not yet convicted, and are currently awaiting trial on their criminal charges.

They assert that their constitutional rights have been violated, but they do not specify the type of relief that they seek in this action.  Plaintiffs also assert that the judges are setting excessive bails that are unreasonable based on the nature of their offenses.  Plaintiffs provide no factual support for their general allegations.  It appears, however, that they seek release from confinement.  They do not request damages.

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[2]

_____

[2]  Plaintiffs should also be aware that the PLRA requires Courts to determine whether a prisoner has, on three or more prior occasions while incarcerated or detained in any facility,

3

In determining the sufficiency of a pro se complaint, the
Court must be mindful to construe it liberally in favor of the
plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United
States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must
"accept as true all of the allegations in the complaint and all
reasonable inferences that can be drawn therefrom, and view them
in the light most favorable to the plaintiff." Morse v. Lower
Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court
need not, however, credit a pro se plaintiff's "bald assertions"
or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis
either in law or in fact." Neitzke v. Williams, 490 U.S. 319,
325 (1989) (interpreting the predecessor of § 1915(e)(2), the
former § 1915(d)). The standard for evaluating whether a
complaint is "frivolous" is an objective one. Deutsch v. United
States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a
claim only if it appears "'beyond doubt that the plaintiff can
prove no set of facts in support of his claim which would entitle

_____

brought an action or appeal in federal court that was dismissed
as frivolous, malicious, or for failure to state a claim upon
which relief may be granted. If so, the prisoner is precluded
from bringing an action in forma pauperis unless he or she is
under imminent danger of serious physical injury. 28 U.S.C. §
1915(g). It does not appear that the plaintiffs have filed any
lawsuits which were dismissed pursuant to 28 U.S.C. §§
1915(e)(2)(B) and 1915A.

him to relief.'" <u>Haines</u>, 404 U.S. at 521 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Milhouse v. Carlson</u>, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992); <u>Alston v. Parker</u>, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

## III.   SECTION 1983 ACTIONS

Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 alleging violations of their civil rights guaranteed under the United States Constitution. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within

5

the jurisdiction thereof to the deprivation of any
rights, privileges, or immunities secured by the
Constitution and laws, shall be liable to the party
injured in an action at law, suit in equity, or other
proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must
allege, first, the violation of a right secured by the
Constitution or laws of the United States and, second, that the
alleged deprivation was committed or caused by a person acting
under color of state law.  West v. Atkins, 487 U.S. 42, 48
(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir.
1994).

IV.   ANALYSIS

A.   Excessive Bail Claim

     Plaintiffs' claim asserting excessive bail seems to be
directed against the judges who imposed the bail.  As a general
rule, judges acting in their judicial capacity are absolutely
immune (in both their individual and official capacities) from
suit under the doctrine of judicial immunity.  See Mireless v.
Waco, 502 U.S. 9, 9 (1991).  "Judicial immunity is an immunity
from suit, not just from ultimate assessment of damages."  Id.,
502 U.S. at 11 (citing Mitchell v. Forsyth, 472 U.S. 511, 526
(1985)).  The Supreme Court has made clear that

     judges of courts of superior or general jurisdiction
     are not liable to civil actions for their judicial acts,
     even when such acts are in excess of their jurisdiction,
     and are alleged to have been done maliciously or corruptly.

6

Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); see also Pierson
v. Ray, 386 U.S. 547, 554 (1967). Thus, judicial immunity can be
overcome only for actions not taken in a judicial capacity, id.,
or for actions taken in a complete absence of all jurisdiction.
Mireless, 502 U.S. at 11-12. Allegations that actions were
undertaken with an improper motive diminishes neither their
character as judicial actions nor the judge's immunity. See
Forrester v. White, 484 U.S. 219, 227 (1988).

Here, plaintiffs generally allege that the courts have
imposed excessive bail. They do not assert that the courts acted
beyond the scope of their judicial authority. Presiding over
plaintiffs' criminal cases, the court would have the judicial
authority to set and rule on any applications pertaining to bail.
Thus, there is nothing to indicate that the courts acted beyond
the scope of their authority in ruling on plaintiffs' bail.
Moreover, plaintiffs fail to allege that the courts acted in the
complete absence of all jurisdiction. Therefore, the defendant
courts are absolutely immune for all claims asserted by
plaintiffs in their Complaint, and the excessive bail claim will
be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and
1915A(b)(2).

B. Warrantless Arrest Claim

Plaintiffs next allege that their arrests were conducted by
police officers without valid arrest warrants. The officers did

7

have arrest warrants but they were authorized by judicial officers over the phone, a practice that is now discouraged in Middlesex County and its municipalities.

The Fourth Amendment to the United States Constitution provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

It is well established in the Third Circuit that an arrest without probable cause is a constitutional violation actionable under § 1983. See Walmsley v. Philadelphia, 872 F.2d 546 (3d Cir. 1989)(citing cases); see also, Albright v. Oliver, 510 U.S. 266, 274 (1994)(a section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures). Under New Jersey law, false arrest has been defined as "the constraint of the person without legal justification." Ramirez v. United States, 998 F. Supp. 425, 434 (D.N.J. 1998) (quoting Fleming v. United Postal Service, Inc., 604 A.2d 657, 680 (N.J. Law Div. 1992)).

To state a claim for false arrest, a plaintiff must allege two elements: (1) that there was an arrest; and (2) that the arrest was made without probable cause. Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988). To establish the absence of probable cause, a plaintiff must show "that at the time when the defendant put the proceedings in motion the

circumstances were such as not to warrant an ordinary prudent individual in believing that an offense had been committed." Lind v. Schmid, 67 N.J. 255, 262 (1975).  "Probable cause . . . requires more than mere suspicion; however, it does not require that the officer have evidence to prove guilt beyond a reasonable doubt." Orsatti v. New Jersey State Police, 71 F.3d 480, 482-83 (3d Cir. 1995).  Rather, probable cause exists when the facts and circumstances are "sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense." Gerstein v. Pugh, 420 U.S. 103, 111 (1975) (quoting Beck v. State of Ohio, 379 U.S. 89, 91 (1964)); Sharrar v. Felsing, 128 F.3d 810, 817 (3d Cir. 1997).

Moreover "where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." Groman v. Manalapan, 47 F.3d 628, 636 (3d Cir. 1995); Palma v. Atlantic County, 53 F. Supp. 2d 743, 755 (D.N.J. 1999)(citing Groman).  See also Anela v. City of Wildwood, 595 F. Supp. 511, 512 (D.N.J. 1984)(holding a person for any length of time without legal justification may be a violation of the right to liberty under the Fourteenth Amendment and thus states a claim of false imprisonment under § 1983).[3]  A § 1983 claim for false arrest

---

[3]  While "[a] false imprisonment claim under 42 U.S.C. § 1983 is based on the Fourteenth Amendment protection against deprivations of liberty without due process of law[,]" Baker v.

typically accrues on the date of the plaintiff's arrest.  See
Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998); Rose
v. Bartle, 871 F.2d 331, 348-51 (3d Cir. 1989).

As stated above, a defense to both an unlawful arrest and
false imprisonment claim is that the police officer defendants
acted with probable cause.  Sharrar, 128 F.3d at 817-18 (a key
element of a § 1983 unlawful arrest claim is that the police
officer arrested the plaintiff without probable cause); Groman,
47 F.3d at 636 ("an arrest based on probable cause could not
become the source of a [§ 1983] claim for false imprisonment").
Here, plaintiffs do not state the particulars of their arrests
other than to say that the warrants were issued by judicial
officers after probable cause was established by the arresting
officers over the telephone.  This would suggest that the
judicial officers found probable cause for the arrests to
authorize the arrest warrants.  Accordingly, the Court is
inclined to dismiss the Complaint without prejudice for failure
to state a claim.

However, plaintiffs do not appear to be seeking damages in
this action, but instead seek release from jail based on the
allegedly defective arrest warrants.  Plaintiffs must raise this
constitutional challenge in their pending state criminal cases; a

McCollan, 443 U.S. 137, 142 (1979), the claim is derivative of a
Fourth Amendment violation for arrest without probable cause.
See Groman, 47 F.3d at 636.

10

federal court generally will not intercede to consider issues
that plaintiffs have an opportunity to raise before the state
court. Younger v. Harris, 401 U.S. 37 (1971).

The United States Court of Appeals for the Third Circuit has
enunciated three requirements that must be met before Younger
abstention may be invoked:

> (1) there are ongoing state proceedings that are
> judicial in nature;  (2) the state proceedings
> implicate important state interests;  and (3) the state
> proceedings afford an adequate opportunity to raise
> federal claims.  Whenever all three of these
> requirements are satisfied, abstention is appropriate
> absent a showing of bad faith prosecution, harassment,
> or a patently unconstitutional rule that will cause
> irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n v. Port Auth. of New York and
New Jersey Police Dep't, 973 F.2d 169, 173 (3d Cir. 1992)
(citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir.1989)).  Here,
plaintiffs' criminal proceedings are pending; thus, state
proceedings implicating important state interests are ongoing and
plaintiffs have the opportunity to raise their defective warrant
claims (as well as their excessive bail claims) in their state
proceedings.  Accordingly, this Court is constrained by Younger
to dismiss these claims without prejudice.

Moreover, if plaintiffs are eventually convicted of the
alleged charges in their now-pending state criminal trials, they
must first exhaust their state court remedies by direct appeal or
other available state court review, and then, if appropriate,

file a federal habeas application to assert any violations of federal constitutional or statutory law.  <u>Preiser v. Rodriquez</u>, 411 U.S. 475 (1973).

V.  <u>CONCLUSION</u>

For the reasons set forth above, the Complaint must be dismissed in its entirety as against all defendants, without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii) and 1915A(b)(1), (2).  An appropriate order follows.


_____
JOEL A. PISANO
United States District Judge

Dated: 8/29/05